M\p

# FILED

MAR 2 3 1999

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KATHERINE R. MARTIN,

11                       Plaintiff,

12           v.                          CIV. NO. S-96-2149 LKK/JFM

13   COUNTY OF SACRAMENTO; SACRAMENTO
     COUNTY BOARD OF SUPERVISORS;
14   GLEN CRAIG, individually and in
     his official capacity as Sheriff
15   of the Sacramento County Sheriff's
     Department; AEDEC INTERNATIONAL,
16   INC.,

17                       Defendants.
     _____/
18
     CASEY S. BARTON,
19
                         Plaintiff,
20
             v.                          CIV. NO. S-96-2150 LKK/JFM
21
     COUNTY OF SACRAMENTO; SACRAMENTO
22   COUNTY BOARD OF SUPERVISORS;
     GLEN CRAIG, individually and in
23   his official capacity as Sheriff
     of the Sacramento County Sheriff's
24   Department; AEDEC INTERNATIONAL,
     INC.,
25
                         Defendants.
26   _____/

11

1  ANTHONY JACOBS,

2                 Plaintiff,

3         v.                      CIV. NO. S-96-2242 LKK/JFM

4  COUNTY OF SACRAMENTO; SACRAMENTO
   COUNTY BOARD OF SUPERVISORS;
5  GLEN CRAIG, individually and in
   his official capacity as Sheriff
6  of the Sacramento County Sheriff's
   Department; Deputy STEVEN C. MOBLEY
7  Badge No. 921; Deputy MICHAEL D.
   DUNBAR Badge No. 246; AEDEC
8  INTERNATIONAL, INC.,

9                 Defendants.
   _____/
10
   DUANE LEE KREGGER,
11
                  Plaintiff,
12
          v.                      CIV. NO. S-97-167 LKK/JFM
13
   COUNTY OF SACRAMENTO; GLEN
14 CRAIG, individually and in his
   official capacity as Sheriff of
15 the Sacramento County Sheriff's
   Department; AEDEC INTERNATIONAL,
16 INC.,

17                Defendants.
   _____/

18 RONALD W. MOTZ,

19                Plaintiff,

20        v.                      CIV. NO. S-97-463 LKK/JFM

21 COUNTY OF SACRAMENTO; GLEN
   CRAIG, individually and in his
22 official capacity as Sheriff of
   the Sacramento County Sheriff's
23 Department; AEDEC INTERNATIONAL,
   INC.,
24                Defendants.
   _____/
25

26

                        2

1  KIMBERLY MICHELE BYRD,

2                              Plaintiff,

3              v.                              CIV. NO. S-97-464 LKK/JFM

4  COUNTY OF SACRAMENTO; GLEN
   CRAIG, individually and in his
5  official capacity as Sheriff of
   the Sacramento County Sheriff's
6  Department; AEDEC INTERNATIONAL,
   INC.,
7                              Defendants.
   _____/
8
   GENA DOMOGIO,
9
                              Plaintiff,
10
              v.                              CIV. NO. S-98-834 LKK/JFM
11
   AEDEC INTERNATIONAL,
12 INC.,
                              Defendant.
13 _____/

14            **STATUS (PRETRIAL SCHEDULING) CONFERENCE**

15      Pursuant to court order, a Status (Pretrial Scheduling)

16 Conference was held in Chambers on March 15, 1999.  STEWART KATZ

17 appeared as counsel for plaintiffs; ROBERT HEYWOOD appeared as

18 counsel for defendant Aedec International.  After hearing, the

19 court makes the following findings and orders:

20            **JOINDER OF PARTIES/AMENDMENTS**

21      Except as provided herein, no further joinder of parties or

22 amendments to pleadings is permitted except with leave of court,

23 good cause having been shown.  See Johnson v. Mammoth Recreations,

24 Inc., 975 F.2d 604 (9th Cir. 1992).

25      Plaintiffs are granted thirty (30) days to file an amended

26 complaint.  Defendant Aedec International is granted twenty (20)

                                3

1 | days thereafter to file an answer.

2 | **MOTION HEARING SCHEDULES**

3 | All law and motion except as to discovery is left open, save
4 | and except that it shall be conducted so as to be completed by
5 | November 15, 1999.  The word "completed" in this context means that
6 | all law and motion matters must be **heard** by the above date.
7 | Because this date is not necessarily a date previously set aside
8 | for law and motion hearings, it is incumbent upon counsel to
9 | contact this court's courtroom deputy, Sharon Jaggard, at (916)
10 | 930-4133, sufficiently in advance so as to ascertain the dates upon
11 | which law and motion will be heard and to properly notice its
12 | motion for hearing before that date.   Counsel are cautioned to
13 | refer to Local Rule 78-230 regarding the requirements for noticing
14 | such motions on the court's regularly scheduled law and motion
15 | calendar. **Opposition or statement of non-opposition to all motions**
16 | **shall be filed not later than 4:30 p.m. fourteen (14) days**
17 | **preceding the hearing date, or by proof of service by mail not less**
18 | **than seventeen (17) days preceding the hearing date.**   This
19 | paragraph does not preclude motions for continuances, temporary
20 | restraining orders or other emergency applications, and is subject
21 | to any special scheduling set forth in the "MISCELLANEOUS
22 | PROVISIONS" paragraph below.

23 | The parties should keep in mind that the purpose of law and
24 | motion is to narrow and refine the legal issues raised by the case,
25 | and to dispose of by pretrial motion those issues that are
26 | susceptible to resolution without trial.   To accomplish that

4

1 | purpose, the parties need to identify and fully research the issues
2 | presented by the case, and then examine those issues in light of
3 | the evidence gleaned through discovery.  If it appears to counsel
4 | after examining the legal issues and facts that an issue can be
5 | resolved by pretrial motion, counsel are to file the appropriate
6 | motion by the law and motion cutoff set forth supra.

7 | ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL
8 | MOTION.  Counsel are reminded that motions in limine are procedural
9 | devices designed to address the admissibility of evidence.  COUNSEL
10 | ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON
11 | SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE of MOTIONS IN LIMINE
12 | AT THE TIME OF TRIAL.  COUNSEL ARE FURTHER CAUTIONED THAT IF ANY
13 | LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT BY PRETRIAL
14 | MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND MOTION CUTOFF,
15 | SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAILED TO
16 | TIMELY FILE AN APPROPRIATE MOTION.

17 | **DISCOVERY**

18 | All discovery as to defendant Aedec International is left
19 | open, save and except that it shall be so conducted as to be
20 | completed by September 15, 1999.  The word "completed" means that
21 | all discovery shall have been conducted so that all depositions
22 | have been taken and any disputes relative to discovery shall have
23 | been resolved by appropriate order if necessary and, where
24 | discovery has been ordered, the order has been complied with.
25 | Motions to compel discovery must be noticed on the magistrate
26 | judge's calendar in accordance with the local rules of this court

5

1  and so that such motions will be heard not later than August 15,
2  1999.   In this regard, all counsel are to designate in writing and
3  file with the court and serve upon all other parties the names of
4  all experts that they propose to tender at trial not later than
5  forty-five  (45)  days  before  the  close  of  discovery  herein
6  established.   All experts so designated are to be fully prepared
7  to render an informed opinion at the time of <u>designation</u> so that
8  they may fully participate in any deposition taken by the opposing
9  party.   Experts will not be permitted to testify at the trial as
10  to any information gathered or evaluated, or opinion formed, after
11  deposition taken subsequent to designation.

12      An expert witness not appearing on said lists will not be
13  permitted  to  testify  unless  the  party  offering  the  witness
14  demonstrates:  (a) that the necessity of the witness could not have
15  been reasonably anticipated at the time the lists were exchanged;
16  (b)  the  court  and  opposing  counsel  were  promptly  notified  upon
17  discovery of the witness; and (c) that the witness was promptly
18  proffered for deposition.

19      **FINAL PRETRIAL CONFERENCE**

20      The Final Pretrial Conference is **SET** for February 22, 2000,
21  at  3:00 p.m.   Counsel are cautioned that counsel appearing for
22  Pretrial will in fact try the matter.

23      Counsel for all parties are to be fully prepared for trial at
24  the time of the Pretrial Conference, with no matters remaining to
25  be accomplished except production of witnesses for oral testimony.
26  ////

6

Counsel are referred to Local Rules 40-280 and 16-281 relating to the contents of and time for filing Pretrial Statements. In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with a plain, concise statement which identifies every non-discovery motion tendered to the court, and its resolution. A FAILURE TO COMPLY WITH LOCAL RULES 40-280 AND 16-281 WILL BE GROUNDS FOR SANCTIONS.

In addition to the provisions of Local Rule 16-281, which contemplate the filing of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a JOINT STATEMENT with respect to the undisputed facts and disputed factual issues of the case. See Local Rule 16-281(b)(3), (4), and (6). The undisputed facts and disputed factual issues are to be set forth in two separate sections. In each section, the parties should identify first the general facts relevant to all causes of action. After identifying the general facts, the parties should then identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. ////

7

1  Notwithstanding the provisions of Local Rule 16-281, the Joint
2  Statement of Undisputed Facts and Disputed Factual Issues is to be
3  filed with the court concurrently with the filing of plaintiff's
4  Pretrial Statement.  If the case is tried to a jury, the undisputed
5  facts will be read to the jury.

6      Pursuant to Local Rule 16-281(b)(10) and (11), the parties are
7  required to provide in their Pretrial Statements a list of
8  witnesses and exhibits that they propose to proffer at trial, no
9  matter for what purpose.  These lists shall **not** be contained in the
10 Pretrial Statement itself, but shall be attached as separate
11 documents to be used as addenda to the Final Pretrial Order.
12 Plaintiff's exhibits shall be listed **numerically**; defendant's
13 exhibits shall be listed **alphabetically**.  In the event that the
14 alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,
15 3A-3Z, etc."  The Pretrial Order will contain a stringent standard
16 for the proffering of witnesses and exhibits at trial not listed
17 in the Pretrial Order.  Counsel are cautioned that the standard
18 will be strictly applied.  On the other hand, the listing of
19 exhibits or witnesses which counsel do not intend to call or use
20 will be viewed as an abuse of the court's processes.

21      Pursuant to Local Rule 16-281(b)(12), a party is required to
22 provide a list of all answers to interrogatories and responses to
23 requests for admission that the party expects to offer at trial.
24 This list should include only those documents or portions thereof
25 which the party expects to offer in its case-in-chief.  Unless
26 otherwise barred by a rule of evidence or order of this court, the

8

1  parties remain free to tender appropriate discovery documents
2  during trial for such purposes as, but not limited to, impeachment
3  or memory refreshment.

4      Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial
5  Statements shall contain a "statement of legal theory, etc." Each
6  party shall commence this section by specifying as to each claim
7  whether federal or state law governs, and if state law, the state
8  whose law is applicable.

9      Counsel are also reminded that, pursuant to Fed. R. Civ. P.
10  16, it will be their duty at the Pretrial Conference to aid the
11  court in (a) formulation and simplification of issues and the
12  elimination of frivolous claims or defenses; (b) settling of facts
13  which should be properly admitted; and (c) the avoidance of
14  unnecessary proof and cumulative evidence. Counsel must prepare
15  their Pretrial Statements, and participate in good faith at the
16  Pretrial Conference, with these aims in mind. A FAILURE TO DO SO
17  MAY RESULT IN THE IMPOSITION of SANCTIONS which may include
18  monetary sanctions, orders precluding proof, eliminations of claims
19  or defenses, or such other sanctions as the court deems
20  appropriate.

21  **TRIAL SETTING**

22      Trial is **SET** for June 6, 2000, at 10:00 a.m. Trial will be
23  by jury. The parties represent in good faith that the trial will
24  take approximately eighteen (18) days.
25  ////
26  ////

9

1    **MISCELLANEOUS PROVISIONS**

2        The actions denominated as Civil Nos. Civ. S-96-2149 LKK/JFM,

3    Civ. S-96-2150 LKK/JFM, Civ. S-96-2242 LKK/JFM, Civ. S-97-167

4    LKK/JFM, Civ. S-97-463 LKK/JFM, Civ. S-97-464 LKK/JFM, and Civ. S-

5    98-834 are CONSOLIDATED for all further proceedings.  Martin v.

6    AEDEC International, No. Civ. S-96-2149 LKK/JFM, is designated as

7    the "master file."  The Clerk is directed to copy the complaint and

8    answer in the other six cases and to place said copies in the

9    "master file."

10       The Clerk is further directed to ADMINISTRATIVELY CLOSE case

11   nos. Civ. S-96-2150 LKK/JFM, Civ. S-96-2242 LKK/JFM, Civ. S-97-167

12   LKK/JFM, Civ. S-97-463 LKK/JFM, Civ. S-97-464 LKK/JFM, and Civ. S-

13   98-834.

14       The parties are directed to file all future pleadings ONLY in

15   case no. Civ. S-96-2149 LKK/JFM and to reference the caption Martin

16   v. AEDEC International.

17       The parties are reminded that pursuant to Fed. R. Civ. P.

18   16(b), the Status (pretrial scheduling) Order **shall not be modified**

19   **except by leave of court upon a showing of good cause.**  Counsel are

20   cautioned that changes to any of the scheduled dates will

21   necessarily result in changes to all other dates.  Thus, even where

22   good cause has been shown, the court will not grant a request to

23   change the discovery cutoff date without modifying the pretrial and

24   trial dates.

25   ////

26   ////

1    Agreement by the parties pursuant to stipulation does not
2    constitute good cause.  Nor does the unavailability of witnesses
3    or counsel, except in extraordinary circumstances, constitute good
4    cause.

5        The parties are admonished that they are not to cite or refer
6    to any of the quotations inscribed in the pavers on the front plaza
7    of the United States Courthouse in any written or oral presentation
8    to the court or a jury.

9        There appear to be no other matters presently pending before
10   the court that will aid the just and expeditious disposition of
11   this matter.

12       IT IS SO ORDERED.

13       DATED:  March 19, 1999.

14

15                              _____
                                LAWRENCE K. KARLTON
16                              CHIEF JUDGE EMERITUS
                                UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

11

United States District Court
for the
Eastern District of California
March 23, 1999

\* \* CERTIFICATE OF SERVICE \* \*

2:96-cv-02149

2:96-cv-02150
2:96-cv-02242
2:97-cv-00167
2:97-cv-00463
2:97-cv-00464
2:98-cv-00834

Martin

   v.

Sacramento

---

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  March 23, 1999, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

Stewart L Katz/C Kerestenzis      SJ/LKK
Katz and Griffin LLP
1010 F Street                    CF/JFM
Suite 200
Sacramento, CA  95814

Terence John Cassidy
Porter Scott Weiberg and Delehant
PO Box 255428
350 University Avenue
Suite 200
Sacramento, CA  95865

Robert G Heywood
Hanna Brophy MacLean McAleer and Jensen
155 Grand Avenue
Suite 600
Oakland, CA  94612

Bruce Alan Kilday
Angelo Kilday and Kilduff

601 University Avenue
Suite 150
Sacramento, CA 95825

Jack L. Wagner, Clerk

BY: _____

Deputy Clerk